IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMCO INSURANCE COMPANY, an Iowa corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMK ENTERPRISES, a California partnership, dba JACK IN THE BOX OF SAN ANSELMO and dba JACK IN THE BOX OF SAN RAFAEL; AHSAN M. KAHN, an individual; and ELIXMAENA KAHN, an individual aka "MAGALY" KAHN,<br><br>    Defendants.<br> | No. C 06-1729 CRB<br><br>**MEMORANDUM AND ORDER** |

This declaratory judgment action arises out of an insurance policy. Defendants now move the Court to dismiss the action for failure to state a claim upon which relief can be granted, or in the alternative, stay the proceedings. After carefully considering the papers filed by the parties, and having had the benefit of oral argument, the Court declines to exercise jurisdiction and dismisses this action without prejudice.

## BACKGROUND

**I.    The Underlying State Court Action**

Defendants were sued by employees Ana Bernabe, Angelica Jimenez, and Adolfo Chan in Marin County Superior Court for labor and business code violations (the "underlying action"). Bernabe individually also claims defendant Elixmaena

Khan (aka "Magaly Khan") committed battery, defamation, and intentional infliction of emotional distress, between May 2003 and March 2005.[1] Chan and Jimenez withdrew from the underlying action and dismissed their claims on May 26, 2006. On June 14, 2006, Bernabe and a new plaintiff, Gricelda Linares, were granted leave to file a third amended complaint, and defendants were served during the week of June 25, 2006.

AMCO issued an insurance policy for the period August 31, 2002, through August 31, 2003, for AMK Enterprises (dba Jack in the Box), Arian Amjad, Ash Malik, Ahsan Khan, including spouses with respect to the conduct of the business. AMCO is defending the underlying action under reservation of rights, on the basis that only the defamation claim may potentially give rise to coverage and no other cause of action is potentially covered by the policy.

## II.    The Federal Court Action

AMCO brought this action on March 7, 2006 against all defendants and requests a judicial declaration that it owes no duty to defend or indemnify defendants in the underlying action. In the underlying action, plaintiff Bernabe claims defendant Magaly Khan made defamatory statements over a long time period: from in or about July 2003 to present, in or about May 2003 until in or about March 2005, and generally during her employment. Therefore, there are three time periods relevant to the coverage inquiry: before, during and after Bernabe's employment.

AMCO states Bernabe began working for AMK on July 28, 2003, so there is a potential for overlap with the coverage period from this date to August 31, 2003. According to AMCO, if the defamatory statements were made during Bernabe's employment (until the end of the policy period on August 31, 2003), there is no coverage based on the applicable provisions of the AMCO policy as a matter of law. If the defamatory statements were made after Bernabe's employment ended "in or about January 2005," there would be no potential for coverage because the policy ended on August 31, 2003. AMCO appears to concede that

---

[1] The surname of two of the defendants is cited both as "Kahn" and as "Khan" in the pleadings. "Khan" is used in this document because that is the surname used in the insurance policy. See Complaint, Exhibit A.

2

if the defamatory statements were made before Bernabe's employment there may be a duty to defend.

Therefore, the only factual issue in this lawsuit related to the underlying action is the date Bernabe alleges the defamation occurred. This factual determination is dispositive to the insurer's claim for declaratory relief that there is no duty to defend assuming AMCO's legal assertions are correct.

### III. The Pending Motion

Defendants move to dismiss for failure to state a cause of action upon which relief may be granted, or in the alternative to stay. Defendants claim AMCO has a duty to defend on the face of the pleadings because AMCO must defend when there are facts giving rise to potential liability. Alternatively, defendants argue for a stay pending resolution of the underlying action because the coverage issue before this Court turns on factual questions being litigated in the underlying action and directly relates to its defense.

### DISCUSSION

### I. The Motion to Dismiss for Failure to State a Claim

#### A. Legal Standard for a 12(b)(6) Motion

The motion to dismiss for failure to state a claim is viewed with disfavor. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotations omitted). A complaint should not be dismissed on these grounds unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

A court may consider certain materials, including documents attached to the complaint, without converting the motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents attached to the pleadings are "properly a part of the court's review as to whether plaintiff can prove any set

//

of facts in support of its claim" on a motion to dismiss for failure to state a claim. <u>Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.</u>, 583 F.2d 426, 429-30 (9th Cir. 1978).

### B. The Duty to Defend

An insurer "bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." <u>Gray v. Zurich Ins. Co.</u>, 65 Cal. 2d 263 (1966). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy. Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that a claim may be covered by the policy." <u>Horace Mann Ins. Co. v. Barbara B.</u>, 4 Cal. 4th 1076, 1081 (1993). "Once the defense duty attaches, the insurer is obligated to defend against all of the claims involved in the action, both covered and noncovered, until the insurer produces undeniable evidence supporting an allocation of a specific portion of the defense costs to a noncovered claim." <u>Id.</u> at 1081.

AMCO submitted a copy of the insurance policy as an exhibit to the complaint, so the Court may consider it on this motion without taking judicial notice or converting the motion to a summary judgment motion. At this stage, the issue before this Court is whether as a matter of law, based on the complaint and documents attached, the policy provides coverage for the claims in the state action.

### C. AMCO May Not Have a Duty to Defend

Defendants argue that the complaint seeks damages potentially covered as a matter of law; therefore plaintiff's claim that it has no duty to defend must be dismissed. To prevail, defendants must show that there is no set of facts AMCO could prove to demonstrate that the policy does not potentially cover the claims in the state action. However, nowhere in their motion do defendants specifically point to potentially covered claims in the underlying action, nor do they identify policy sections demonstrating potential coverage. In sum, defendants have not met their burden of showing a duty to defend as a matter of law.

//

//

4

## II. The Court's Discretionary Authority under Brillhart

### A. Legal Standard for a Motion to Stay Under Brillhart

Defendants also ask the Court to stay this action pending resolution of the underlying state court suit. District courts have "unique and substantial" discretion in determining whether to entertain declaratory relief actions under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). "Of course, this discretion is not unfettered." Government Employees Insurance Company v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). "Prudential guidance for retention of the district court's authority is found in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), and its progeny." Id.

"The Brillhart factors remain the philosophic touchstone for the district court." Id. at 1225. The primary factors to consider are: avoiding needless determination of state law issues, discouraging litigants from filing declaratory actions as a means of forum shopping; avoiding duplicative litigation. Id.

### B. Application of the Brillhart Factors to This Case

#### i. Needless Decision of State Law

"When parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." American Cas. Co. v. Krieger, 181 F.3d 1113, 1118 (9th Cir. 1999) (internal quotation omitted). A "needless decision of state law" may involve: an ongoing parallel state proceeding regarding the "precise state law issue," an area of law Congress expressly left to the states, or a lawsuit with no compelling federal interest (for instance, when a case is solely based on diversity). Continental Casualty Co. v. Robsac Indus., 947 F.2d 1367, 1371-72 (9th Cir. 1991) (overruled in part on other grounds by Dizol). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically. Dizol 133 F.3d at 1226. The district court is in the "best position to assess how judicial economy, comity and federalism are affected in a given case." Id. at 1226.

//

"[U]nder California law, insurance companies have the right to determine their obligations to their insureds prior to a judgment against their insureds." State Farm Fire & Casualty Co. v. Thomas, 756 F. Supp. 440, 442 (N.D. Cal. 1990). However, "[i]t is *only* where there is no potential conflict between the trial of the coverage dispute and the underlying action that an insurer can obtain an early trial date and resolution of its claim that coverage does not exist." Haskel, Inc. v. Superior Court, 33 Cal. App. 4th 963, 979 (Cal. Ct. App. 1995) (internal citations omitted). A stay of the declaratory relief action pending resolution of the underlying suit is appropriate "when the coverage question turns on facts to be litigated in the underlying action." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 301-02. But, "when the coverage question is logically unrelated to the issues of consequence in the underlying case," the declaratory relief action may properly proceed to judgment." Id. The insurer is entitled to seek a ruling on coverage obligations "at *any time* it acquires the requisite evidence to conclusively eliminate any potential for coverage." Haskel, 33 Cal. App. 4th at 977-78 (emphasis in original).

Before the Court can resolve AMCO's declaratory judgment claim, it must decide a specific fact: the date the alleged statements were made. The date of the statements will also necessarily be decided in the state court, and the only method for resolving this issue here is to bring Bernabe, plaintiff in the underlying action, before this Court. This would be vexatious to the plaintiffs in the underlying action and invite a needless decision of state law already before a state court. Moreover, there is no compelling federal interest in this lawsuit as jurisdiction is based solely on diversity. On balance, the first Brillhart factor favors abstention pending resolution of the underlying action, or at least resolution of the dispositive factual question.

### ii.   Forum Shopping

The second Brillhart factor is the interest in avoiding the use of declaratory judgments as a means of forum shopping, particularly in reactive or defensive declaratory actions. Robsac, 947 F.2d at 1371. "A declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same

6

issues of state law is an archetype of what we have termed 'reactive' litigation." <u>Id.</u> at 1372 (internal citation omitted). Permitting a declaratory judgment action regarding insurance coverage to go forward "when there is a pending state court case presenting the identical issue would encourage forum shopping in violation of the second Brillhart principle." <u>Id.</u> at 1372-73.

Here, the declaratory judgment action is reactive. The state court action based on the same facts is non-removable under 28 U.S.C. § 1441(b) because it involves state tort, wage and labor claims between California parties. The "identical issue" pending in state court is the determination of the date of the defamation, which, according to AMCO, is dispositive of this declaratory judgment action. The exercise of jurisdiction in this case would encourage forum shopping; there is no reason AMCO could not bring its declaratory judgment action in state court.

### iii. Duplicative Litigation

The third <u>Brillhart</u> factor seeks to avoid duplicative litigation. "If there are parallel state court proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." <u>Dizol</u>, 133 F.3d at 1225. "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." <u>Brillhart</u>, 316 U.S. at 495. However, the pendency of a state court action does not require a district court to refuse federal declaratory relief, but the federal courts should generally decline to entertain reactive declaratory actions. <u>Dizol</u>, 133 F.3d at 1225.

The facts and parties in the underlying state court proceeding have not yet been settled, but, in the second amended complaint, they are based on the same events before this Court. AMCO concedes the coverage issue before this Court turns on a question of fact regarding the date of the alleged defamation in the underlying action, but insists the determination of this fact is not a determination of a disputed fact and will not prejudice the

//

insureds' defense. However, the Court cannot weigh these claims because it is at present unclear what facts are disputed (or even alleged) in the underlying action. Any adjudication of the coverage dispute by this Court now would be duplicative, as it would require an inquiry into the nature of the facts in the underlying state action.

## CONCLUSION

For the reasons set forth above, it is not appropriate for the Court to decide plaintiff's state law claims for declaratory relief. At oral argument the Court asked AMCO if it would prefer a stay or dismissal without prejudice. AMCO chose dismissal. Accordingly, this action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: July 13, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE